IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MISNY & ASSOCIATES CO., L.P.A. | ) CASE NO. |
| | ) |
| Plaintiff | ) JUDGE |
| | ) |
| -vs- | ) **NOTICE OF REMOVAL OF** |
| | ) **DEFENDANTS TO THE NORTHERN** |
| AYLSTOCK, WITKIN, KREIS & | ) **DISTRICT OF OHIO, EASTERN** |
| OVERHOLTZ, PLLC, et. al., | ) **DIVISION** |
| | ) |
| Defendants. | ) |
| | ) |

PLEASE TAKE NOTICE that in accordance with 28 U.S.C. §§ 1332(a)(1), 1441 and 1446, Defendants Aylstock, Witkin, Kreis & Overholtz, PLLC ("AWKO"), Bryan Aylstock ("Aylstock"), and Justin Witkin ("Witkin") (collectively referred to as the "Florida Defendants") hereby remove the above captioned matter from the Cuyahoga County Court of Common Pleas, General Division, to this Court.

### The Removed Case

1. The underlying case was initially filed on or about March 8, 2015, in the Cuyahoga County Court of Common Pleas, General Division, captioned *Misny & Associates Co., L.P.A. v. Aylstock, Witkin, Kreis & Overholtz, PLLC, et al.,* Case No. CV 15 841360.

2. This case arises out of a dispute over a fee-sharing agreement between Misny & Associates Co. L.P.A ("Misny"), an Ohio law firm, and AWKO, a Florida law firm, regarding the referral of mass-tort claimants.[1] Misny referred cases to AWKO which paid him a share of

---

[1] *See* Complaint at 13.

the fees it recovered from those cases. Misny alleges that he was not adequately compensated.[2]

3. Misny's claims relate to a written, integrated, fee-sharing agreement executed by Misny and AWKO in October of 2008 (the "Written Contract"). Misny's Complaint references but does not attach the Written Contract, presumably because it presents insurmountable obstacles to Misny's claims.

4. Misny also sued two of AWKO's partners (Witkin and Aylstock) who are not parties to the Written Contract. Witkin and Aylstock are Florida citizens, domiciled in Florida.

5. Misny also sued Benjamin Anderson ("Anderson"), who is neither a party to the Written Contract nor an AWKO partner. As described here and in the Florida Defendants' brief in support of jurisdiction[3] (as well as in Anderson's Motion to Dismiss or, alternatively, Motion for Summary Judgement[4]), the claims against Anderson are based neither in fact nor law and are asserted solely in an attempt to defeat diversity jurisdiction and to undermine the Florida Defendants' right to have this matter decided in Federal Court pursuant to 28 U.S.C. §1332.

6. Misny alleges the fee-sharing agreement initially required AWKO to pay Misny a greater share of the fees collected for cases that resolved quickly.[5] Misny alleges he discovered that the cases he referred to AWKO were not being aggressively prosecuted, exposing him to a smaller share of the fees.[6] Misny alleges that AWKO intentionally delayed the prosecution of the cases and that Misny "called [AWKO] out",[7] resulting in a "subsequent agreement whereby Misny

---

[2] *Id.* generally.
[3] *See* Doc. #2.
[4] *See* Doc. #3.
[5] *See* Complaint at 13.
[6] *Id.* at 26.
[7] *Id.*

would receive 42.5% of any recovery… regardless of litigation duration"[8] (the "Oral Modification"). Misny admits the Oral Modification was never reduced to writing.[9] Misny claims he received 35% of AWKO's fees, instead of the 42.5% on certain cases he referred to AWKO.[10] By AWKO's alleged failure to pay him an extra 7.5% he claims he was due, all Defendants are alleged to have committed a breach of contract (Count I), conversion (Count II) and fraud (Counts III and IV).[11]

7. Each of Misny's claims against Anderson fail for the reasons set forth in Anderson's Motion to Dismiss or, alternatively, Motion for Summary Judgement which is incorporated herein by reference. [12]

8. As required by 28 U.S.C., § 1446(a), attached hereto as **Exhibit A**, are all copies of process, pleadings and orders served upon Defendants in the removed case. No other pleadings or papers have been served upon Defendants.

## Removal is Timely

9. The Complaint was initially served on Florida Defendants AWKO and Ayltsock on or about March 11, 2015, and Florida Defendant Witkin on March 12, 2015; all by Federal Express.[13] This Notice of Removal is being filed by the Florida Defendants within thirty (30) days of the service of summons and information indicating that this action is removable, and it is

---

[8] *Complaint* at 18.
[9] *Id.* at 32 ("Defendants breached their oral agreement with plaintiff by failing and refusing to perform in good faith their promise to provide to Misny 42.5% or attorney fees from the HRT cases.").
[10] *Id.* at 20.
[11] *Id*, Counts I-IV.
[12] *See* Doc. #3.
[13] A printed copy of the service page for the online docket is attached hereto as **Exhibit B**.

therefore timely under 28 U.S.C. § 1446(b).[14]

10. Anderson was served on March 30, 2014, by certified mail.[15] Since he is alleged to be a sham Defendant, his date of service is not considered for purposes of removal.[16] Nonetheless, removal has occurred within thirty (30) days of service of Anderson under 28 U.S.C. § 1446(b).

### All Defendants Have Consented to Removal

11. By this motion, the Florida Defendants, through counsel, consent to removal.

12. Anderson, who is represented by the same counsel as the Florida Defendants, also consents to removal through counsel.

### Venue is Contested, But Removal to this Court Is Still Proper.

13. Anderson is the only Defendant who is an Ohio citizen. Anderson has separately filed a motion to dismiss or, alternatively, for summary judgment.

14. The Florida Defendants have no significant contacts or nexus to Ohio or to this venue. For example, none of the Florida Defendants are citizens of Ohio. And a Florida entity (AWKO) handled all of the fee-splitting that is the subject of this dispute. Even the Written Contract that governs the fee sharing agreement that is basis for this dispute was executed by Misny and AWKO in Florida.[17]

15. Nonetheless, this Court is the United States District Court for the district and division in

---

[14] Moreover, the 30 days for removal begins on *Hardy v. Ajax Magnathermic Corp.*, 122 F. Supp. 2d 757, 759 (W.D. Ky. 2000)("in a case with multiple defendants served at different times, later-served defendants have 30 days from the date of their service to remove a case to federal district court…")
[15] *Id.*
[16] *See Sprowls v. Oakwood Mobile Homes, Inc.*, 119 F. Supp. 2d 694, 696 (W.D. Ky. 2000)("Because fraudulent joinder goes to the very existence of this Court's subject matter jurisdiction, the thirty day time limit of section 1447(c) does not apply.")
[17] *See* Complaint at 12.

00491682.DOCX_3                                      4

which the state court action referenced in paragraph 1 above is pending, which makes this Court the appropriate place for filing this Notice of Removal under 28 U.S.C. §§ 1446(a).

## Diversity of Citizenship Exists Among Parties to this Action

16. This is a civil action over which the Court has original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship) and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446.

17. Upon information and belief, Misny was at the time of the filing of this action, a resident of Kirtland, Ohio.[18]

18. The Florida Defendants are citizens of Florida.[19]

19. The citizenship of co-Defendant Anderson is not relevant for purposes of diversity because he was fraudulently joined for purposes of defeating diversity jurisdiction.[20]

20. Because the Plaintiff is a citizen of Ohio and the Florida Defendants who are the real parties in interest are not, complete diversity of citizenship exists under 28 U.S.C. § 1332. Accordingly, the District Court has original jurisdiction under 28 U.S.C. § 1322 because this action is "between citizens of different states."

## The Amount in Controversy Has Been Satisfied

21. For his damages, Misny seeks "compensatory damages… in excess of $25,000…; Costs and disbursement incurred… including reasonable attorneys' fees, expert witness fees and other

---

[18] *See* Complaint at 1, and also the caption on p. 1.
[19] *See* Complaint in its caption; *see also* Complaint at 3-5.
[20] *See e*.g., *Wecker v. National Enameling & Stamping Co*., 204 U.S. 176, (1907).("In view of this testimony and the apparent want of basis for the allegations of the petition as to Wettengel's relations to the plaintiff, and the uncontradicted evidence as to his real connection with the company, we think the court was right in reaching the conclusion that he was joined for the purpose of defeating the right of the corporation to remove the case to the Federal court.")

costs;… approximately $1.3 million of earned legal fees… Interest…; and [s]uch other and further damages and relief as the Court deems just and proper." [21]

22. Although the Florida Defendants deny liability for these claims, the amount in controversy as pled by Misny exceeds $75,000. Accordingly, diversity jurisdiction is properly maintained pursuant to §§ 1332 and 1446.

### Filing of Removal Papers

23. In accordance with 28 U.S.C. § 1446(d), and simultaneously with removing this action to this Court, the Florida Defendants are providing written notice of removal to the Plaintiff's counsel, and filing a Notice of Filing of a Notice of Removal with the Cuyahoga County Court of Common Pleas, General Division.[22]

WHEREFORE, the Florida Defendants remove this action from the Cuyahoga County Court of Common Pleas, General Division, to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

Respectfully submitted,

/s/ Scott J. Robinson
James D. Vail (0013174)
Scott J. Robinson (0074053)
Schneider, Smeltz, Ranney & LaFond, P.L.L.
1111 Superior Avenue, Suite 1000
Cleveland, Ohio 44114
(216) 696-4200
srobinson@ssrl.com,
jvail@ssrl.com

*Attorneys for Defendants*

---

[21] *See* Complaint, p. 4, under "Prayer for Relief."
[22] A true and correct copy of this Notice of Filing of Notice of Removal is attached as **Exhibit C.**

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

/s/ Scott J. Robinson
Scott J. Robinson (0074053)
*One of the Attorneys for Defendants*
