FOLD BACK THEN TEAR OUT →

NAILAH K. BYRD
CLERK OF COURTS
1200 ONTARIO STREET
CLEVELAND, OH 44113-0000

 CERTIFIED MAIL


UNITED STATES POSTAGE
$ 07.40
MAILED FROM ZIP CODE

7196  9006  4922  5722  8689

RETURN RECEIPT REQUESTED
SHOWING TO WHOM, DATE AND ADDRESS WHERE DELIVERED

BENJAMIN H. ANDERSON
3000 FAIRMOUNT BOULEVARD
CLEVELAND HEIGH OH 44118

Exhibit A

CLEVELAND, OHIO 44113

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV15841360 | D4 CM | 25722868 |

Rule 4 (B) Ohio

Rules of Civil
Procedure

## SUMMONS

| | |
|---|---|
| MISNY & ASSOCIATES CO., L.P.A. | PLAINTIFF |
| VS | |
| AYLSTOCK, WITKIN, KREIS & OVERHOLTZ, PLLC, ET AL. | DEFENDANT |

BENJAMIN H. ANDERSON
3000 FAIRMOUNT BOULEVARD
CLEVELAND HEIGHTS OH 44118

Said answer is required to be served on:



Plantiff's Attorney

APARESH PAUL
1301 EAST 9TH STREET

TOWER AT ERIEVIEW, SUITE 1100
CLEVELAND, OH 44114-0000

Case has been assigned to Judge:

HOLLIE L GALLAGHER
Do not contact judge. Judge's name is given for
attorney's reference only.

You have been named defendant in a complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

NAILAH K. BYRD
Clerk of the Court of Common Pleas

| DATE |
|---|
| Mar 25, 2015 |

By _____
Deputy



COMPLAINT FILED   03/03/2015

CMSN130

**SUMMONS IN A CIVIL ACTION    COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER**
CLEVELAND, OHIO 44113

| CASE NO. CV15841360 | D1 FX | SUMMONS NO. 25556281 |
|---|---|---|

Rule 4 (B) Ohio

Rules of Civil Procedure

**SUMMONS**

MISNY & ASSOCIATES CO., L.P.A.  **PLAINTIFF**
VS
AYLSTOCK, WITKIN, KREIS & OVERHOLTZ,  **DEFENDANT**
PLLC, ET AL.

AYLSTOCK, WITKIN, KREIS &
OVERHOLTZ, PLLC
17 E. MAIN STREET, SUITE 200
PENSACOLA FL 32502

You have been named defendant in a complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

**Said answer is required to be served on:**



Plaintiff's Attorney

APARESH PAUL
1301 EAST 9TH STREET

TOWER AT ERIEVIEW, SUITE 1100
CLEVELAND, OH 44114-0000

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

**Case has been assigned to Judge:**

HOLLIE L GALLAGHER
Do not contact judge. Judge's name is given for attorney's reference only.

NAILAH K. BYRD
Clerk of the Court of Common Pleas

| DATE Mar 4, 2015 |
|---|

By_____  Deputy

COMPLAINT FILED   03/03/2015



CMSN130

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| MISNY & ASSOCIATES CO., L.P.A.<br>9327 Chillicothe Road<br>Kirtland, Ohio 44094<br><br>    Plaintiff<br><br>v.<br><br>AYLSTOCK, WITKIN, KREIS &<br>OVERHOLTZ, PLLC<br>17 E. Main Street, Suite 200<br>Pensacola, Florida 32502<br><br>and<br><br>BRYAN F. AYLSTOCK<br>2140 Reservation Road<br>Gulf Breeze, Florida 32563<br><br>and<br><br>JUSTIN G. WITKIN<br>2966 Coral Strip Parkway<br>Gulf Breeze, Florida 32563<br><br>and<br><br>BENJAMIN H. ANDERSON<br>3000 Fairmount Boulevard<br>Cleveland Heights, Ohio 44118<br><br>    Defendants. | Judge:  HOLLIE L GALLAGHER<br><br>CV 15 841360<br><br><br><br><br><br><br><br>**COMPLAINT**<br>**Jury Demand Endorsed Hereon** |

Misny & Associates Co., L.P.A. ("Plaintiff") for its Complaint against Benjamin H.

Anderson, Justin Witkin, Bryan Aylstock and Aylstock, Witkin, Kreis & Overholtz, PLLC

("Defendants") (collectively "the Parties") herein states as follows:

## PARTIES, JURISDICTION AND VENUE

1.     Plaintiff Misny & Associates ("Misny" or "Plaintiff") is a law firm organized under the laws of the State of Ohio with a principal place of business in Lake County, Ohio. Its principal is the highly regarded lawyer Tim Misny.

2.     Defendant Benjamin H. Anderson ("Anderson") is an attorney admitted to practice law in Ohio. He resides in Cuyahoga County, Ohio.

3.     Defendant Aylstock, Witkin, Kreis & Overholtz, PLLC ("AWKO") is a law firm organized under the laws of the State of Florida with a principal place of business in Escambia County, Florida.

4.     Defendant Justin G. Witkin ("Witkin") is an attorney admitted to practice law in Florida.

5.     Defendant Bryan F. Aylstock ("Aylstock") is an attorney admitted to practice law in Florida.

6.     This Court has jurisdiction over this matter as the amount in controversy exceeds $25,000.

7.     Venue is proper in Cuyahoga County under Civ. R. 3. One of the Defendants resides in Cuyahoga County and the vast majority of Plaintiff's legal work was performed in Cuyahoga County.

## FACTUAL ALLEGATIONS

8.     Plaintiff incorporates by reference and realleges the allegations in all of the preceding paragraphs as though fully set forth herein.

9.     Plaintiff is an Ohio law firm which, among other things, practices in the area of the prosecution, litigation, trial and resolution of mass tort claimants.

2

10. In order to identify viable claimants, particularly those who otherwise may be unaware of their rights, Plaintiff devotes significant resources to the identification, location and contracting of certain individuals with potential tort claims, including but not limited to claims arising out of the use of the following drugs and/or medical equipment: Avandia, Hormone Replacement Therapy (HRT), Digitek, Medtronics, Chantix, Fleet (OSP), Fosomax, Heparin, Hydroxycut, Levaquin, Remicade, Zicam and Trasylol.

11. On or around February 2008, Anderson represented to Misny that he was working with AWKO in the representation of mass tort claimants in federal district court. Anderson approached Misny to convince Misny to become involved in the subject mass tort claims.

12. Anderson represented that AWKO was interested in entering into a joint representation on future mass tort claims with Misny. Anderson represented to Misny that he was a lawyer with AWKO, would be responsible for legal work, along with other AWKO lawyers, and was to receive a part of the fee. Among other participants, Anderson accompanied Misny to AWKO's offices to enter into a joint representation agreement between and among Anderson, AWKO and Misny.

13. Recognizing there to be thousands of potential claimants throughout the United States with such potential tort claims, in August 2008, AWKO and Misny entered into a fee sharing agreement. In this agreement, a tiered fee split was agreed by Misny and AWKO. One feature of the fee split is that Misny's fee would decrease the longer the duration of litigation.

14. In that agreement, Misny and AWKO recognized that each was fully responsible to the client for representing that client on their claims.

15. As part of the fee sharing agreement, Misny was responsible for locating and identifying viable claimants. To do so, Misny expended significant funds advertising to potential

3

claimants. Anderson directly participated with Misny in determining the context of advertisements, timing of advertisements and where the advertisements were to run.

16.     Misny conducted the initial consultation with each potential client where he evaluated the merits of the specific facts and upon a *prima facie* showing of injury and/or negligence, referred the mass tort claimant to AWKO and Anderson for further evaluation.

17.     Throughout the joint representation, Misny was available, in person or telephone, to all clients that had concerns and/or questions regarding their case.

18.     After discussions and disagreements concerning the August 2008 fee sharing agreement, AWKO and Misny negotiated a subsequent agreement whereby Misny would receive 42.5% of any recovery for joint representation matters, regardless of litigation duration.

19.     In November 2011, as cases settled, AWKO collected the fees on its behalf and on behalf of Misny. AWKO provided a 42.5% fee to Misny for all matters of joint representation except for HRT cases.

20.     For HRT cases, AWKO only provided Misny with a 35% fee, as opposed to the agreed upon 42.5%.

21.     Based on a 42.5% fee, Misny should have received $7,548,474.44. Instead, based on the 35% fee, Misny received $6,251,429.87.

22.     The amount of Misny's fees wrongfully withheld to date by AWKO are $1,297,044.63.

### COUNT I
### (Breach of Contract)

23.     Plaintiff incorporates by reference and realleges the allegations in all of the preceding paragraphs as though fully set forth herein.

24.     Misny and AWKO agreed to a tiered fee split in August 2008.

4

25. As part of the fee split agreement, Misny was to receive a recovery which declined as the length of litigation increased.

26. In violation of their duty of good faith, in derogation of the logic of the agreement and in furtherance of a fraudulent intent, Defendants delayed ordering medical records of jointly represented clients to effectuate a delay in the prosecution and resolution of the clients' claims, with the intent of reducing Misny's portion of the fee split.

27. In the face of fraud, being called out by Misny, the Parties agreed Misny would receive 42.5% of the fees, regardless of litigation duration.

28. Beginning November 2011, Misny began receiving a 42.5% fee as agreed by the Parties for matters of joint representation, expert for HRT matters.

29. Despite the agreement and representations by the Defendants, they failed to provide Misny with the agreed upon 42.5% of attorney fees for HRT matters. Misny received 35% of the attorney fees. This was 7.5% less than agreed by the Parties.

30. Anderson and AWKO worked in concert to breach the contract with Misny.

31. As a result of Defendants' above described breaches, Plaintiff has been caused to suffer significant damages including, without limitation, the loss of almost $1.3 million in earned fees, an amount Plaintiff would have been entitled but for Defendants' breach.

32. Defendants breached their oral agreement with Plaintiff by failing and refusing to perform in good faith their promise to provide to Misny 42.5% of attorney fees from the HRT cases.

33. As a result of Defendants' breaches of the oral contract, the sum of almost $1.3 million owed to Plaintiff, is now due, owing, and unpaid.

34.    Demand has been made on Defendants for repayment, but Defendants have failed and refused and continue to fail and refuse, to pay the legal fees earned and currently owed to Plaintiff.

## COUNT II
### (Conversion)

35.    Plaintiff incorporates by reference, all allegations set forth above, as if fully set forth herein.

36.    Defendants improperly interfered with Plaintiff's right to possess its own monies, and thus committed the act of conversion, when they withheld and/or absconded $1.3 million belonging to Plaintiff.

37.    Compounding the issue, Defendants continually refuse to take Plaintiff's telephone calls and/or emails concerning the missing funds.

## COUNT III
### (First Fraud)

38.    Plaintiff incorporates by reference, all allegations set forth above, as if fully set forth herein.

39.    On or about February 2008, each Defendant represented to Plaintiff that they would use their best efforts to litigate and resolve mass tort claims referred and jointly represented by the Parties. These representations were false and Defendants knew the falsity of these statements at the time they were made.

40.    Defendants never intended to split the fee according to the fee sharing agreement. Defendants actively let cases idly sit, often without requesting medical records to evaluate the merits of the case. This was done with the intention of allowing time to pass resulting in the reduction of Misny's fee split.

6

41.     Defendants had no intention of promptly putting into suit certain mass tort cases where a fee sharing agreement was entered, and immediately delayed litigation of said cases in order to reduce Plaintiff's share of the fees in accordance with the tiered fee agreement.

42.     Plaintiff relied on the representations of Defendants and would not otherwise have entered into a joint representation fee agreement. Plaintiff has been injured by loss of use of the fees earned and an inability to compete in the legal market without the use of said funds.

43.     These acts were intentional, calculated, malicious, fraudulent and oppressive, justifying an award of punitive damages.

## COUNT IV
### (Second Fraud)

44.     Plaintiff incorporates by reference, all allegations set forth above, as if fully set forth herein.

45.     In 2008, as a result of Defendants' continued and intentional delay in pursuing the joint clients' claims, the Parties entered into a new fee sharing agreement granting Plaintiff 42.5% of any recovery earned on jointly represented matters.

46.     This new agreement set aside the fee sharing agreement entered between the Parties in August 2008.

47.     In entering into such a fee sharing agreement, each Defendant represented to Plaintiff that they would use their best efforts to resolve matters and provide Plaintiff with 42.5% of any recovery earned on jointly represented matters, regardless of litigation duration. These representations were false and Defendants knew the falsity of these statements at the time they were made as Defendants never intended to provide Misny with 42.5% of attorney fees in the HRT cases.

7

48.     To date, in the HRT matters where the Parties undertook joint representation, Plaintiff has only received 35% from each recovery.

49.     Rather, Defendants intended to provide the missing 7.5% fee to another law firm.

50.     Defendants did so without Misny's approval or knowledge.

51.     As a result of this fraud, Defendants now owe Plaintiff approximately $1.3 million in legal fees earned on HRT matters jointly represented by the Parties.

52.     Plaintiff relied on the representations of Defendants and would not otherwise have entered into a joint representation fee agreement. Plaintiff has been injured by loss of use of the fees earned and an inability to compete in the legal market without the use of said funds.

53.     These acts were malicious, fraudulent and oppressive, justifying an award of punitive damages so that Defendants and each of them will not engage in such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, as follows:

1. Compensatory damages in an amount to be determined at trial, but far in excess of $25,000 as to each claim for relief;

2. Costs and disbursement incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs;

3. Upon information and belief, approximately $1.3 million of earned legal fees remain unaccounted;

4. Interest to the extent available under applicable laws; and

5. Such other and further damages and relief as the Court deems just and proper.

8

Respectfully submitted,

/s/ Joel Levin

Joel Levin            (0010671)
Aparesh Paul          (0077119)
Mark Mikhaiel         (0091656)
Levin & Associates Co., L.P.A.
1301 East 9th Street, Suite 1100
Cleveland, Ohio 44114
Tel: (216) 928-0600
Fax: (216) 928-0016
jl@levinandassociates.com
ap@levinandassociates.com
mm@levinandsassociates.com

Attorneys for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury for all the issues so triable.

/s/ Joel Levin

Joel Levin            (0010671)
One of the Attorneys for Plaintiff

9