## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| MISNY & ASSOCIATES CO., L.P.A. | ) | CASE NO.: 1:15-cv-00681-DCN |
| 9327 Chillicothe Road | ) | |
| Kirtland, Ohio 44094 | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | **FIRST AMENDED COMPLAINT** |
| | ) | **Jury Demand Endorsed Hereon** |
| AYLSTOCK, WITKIN, KREIS & | ) | |
| OVERHOLTZ, PLLC | ) | |
| 17 E. Main Street, Suite 200 | ) | |
| Pensacola, Florida 32502 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Misny & Associates Co., L.P.A. ("Plaintiff") for its Complaint against Aylstock, Witkin, Kreis & Overholtz, PLLC ("Defendant") herein states as follows:

### PARTIES, JURISDICTION AND VENUE

1.     Plaintiff Misny & Associates ("Misny" or "Plaintiff") is a law firm organized under the laws of the State of Ohio with a principal place of business in Lake County, Ohio. Its principal is the highly regarded lawyer, Tim Misny.

2.     Non-party Benjamin H. Anderson ("Anderson") is an attorney admitted to practice law in Ohio. He resides in Cuyahoga County, Ohio.

3.     Defendant Aylstock, Witkin, Kreis & Overholtz, PLLC ("AWKO") is a law firm organized under the laws of the State of Florida, with a principal place of business in Escambia County, Florida.

4.      Non-party Justin G. Witkin ("Witkin") is an attorney admitted to practice law in Florida.

5.      Non-party Bryan F. Aylstock ("Aylstock") is an attorney admitted to practice law in Florida.

6.      This Court has jurisdiction over this matter as the parties reside in different states and the amount in controversy exceeds $75,000.

7.      Venue is proper in this judicial district as the vast majority of Plaintiff's legal work was performed in Cuyahoga County and the parties have agreed to this venue.

## FACTUAL ALLEGATIONS

8.      Plaintiff incorporates by reference and realleges the allegations in all of the preceding paragraphs as though fully set forth herein.

9.      Plaintiff is an Ohio law firm which, among other things, practices in the area of the prosecution, litigation, trial and resolution of mass tort claimants.

10.      In order to identify viable claimants, particularly those who otherwise may be unaware of their rights, Plaintiff devotes significant resources to the identification, location and contracting of certain individuals with potential tort claims, including but not limited to claims arising out of the use of the following drugs and/or medical equipment: Avandia, Hormone Replacement Therapy (HRT), Digitek, Medtronics, Chantix, Fleet (OSP), Fosomax, Heparin, Hydroxycut, Levaquin, Remicade, Zicam and Trasylol.

11.      On or around February 2008, Anderson was, in fact, an agent of AWKO and represented to Misny that he was working with AWKO in the representation of mass tort claimants in federal district court. Anderson approached Misny to convince Misny to become involved in the subject mass tort claims.

2

12.     Anderson represented that AWKO was interested in entering into a joint representation agreement on future mass tort claims with Misny. Anderson represented to Misny that he was a lawyer with AWKO, would be responsible for legal work, along with other AWKO lawyers, and was to receive a part of the fee. Among other participants, Anderson accompanied Misny to AWKO's offices to enter into a joint representation agreement between and among Anderson, AWKO and Misny.

13.     Recognizing there to be thousands of potential claimants throughout the United States with such potential tort claims, in or around August 2008, AWKO and Misny entered into a fee sharing agreement.  In this agreement, a tiered fee split was agreed by Misny and AWKO. Misny's fee range would decrease the longer the duration of litigation.  The agreement specifically called for a determination of the exact percentage of Misny's fee.

14.     In that agreement, Misny and AWKO recognized that each was fully responsible to the client for representing that client on their claims.

15.     As part of the fee sharing agreement, Misny was responsible for locating and identifying viable claimants.  To do so, Misny expended significant funds advertising to potential claimants. Anderson directly participated with Misny in determining the context of advertisements, timing of advertisements and where the advertisements were to run.

16.     Misny conducted the initial consultation with each potential client where he evaluated the merits of the specific facts and upon a *prima facie* showing of injury and/or negligence, referred the mass tort claimant to AWKO and Anderson for further evaluation.

17.     Throughout the joint representation, Misny was available, in person or telephone, to all clients that had concerns and/or questions regarding their case.

18.     After discussions and disagreements concerning the August 2008 fee sharing agreement, AWKO and Misny, consistent with the terms of their agreement, determined Misny would receive 42.5% of the gross attorney fees.

19.     In November 2011, as cases settled, AWKO collected the fees on its behalf and on behalf of Misny. AWKO provided 42.5% of the gross attorney fee to Misny for all matters of joint representation except for HRT cases.

20.     As the HRT cases settled, AWKO only provided Misny with 35% of the attorney fees, as opposed to the agreed upon 42.5%.

21.     Pursuant to the agreement, Misny should have received $7,548,474.44 in attorney fees, but in fact received only $6,251,429.87.

## COUNT I
### (Breach of Contract)

22.     Plaintiff incorporates by reference and realleges the allegations in all of the preceding paragraphs as though fully set forth herein.

23.     Misny and AWKO agreed to a tiered fee split in August 2008.

24.     As part of the fee split agreement, Misny was to receive a recovery which declined as the length of litigation increased.

25.     In violation of their duty of good faith, in derogation of the logic of the agreement and in furtherance of a fraudulent intent, Defendant delayed ordering medical records of jointly represented clients to effectuate a delay in the prosecution and resolution of the clients' claims, with the intent of reducing Misny's portion of the fee split.

26.     In the face of fraud, being called out by Misny, the Parties, consistent with the terms of the contract, determined Misny would receive 42.5% of the attorney fees on all matters subject of the fee-split agreement.

4

27.     Consistent with the contracted for fee-split determination, Misny began receiving 42.5% of the gross attorney fees as agreed by the Parties for matters of joint representation, except for HRT matters.

28.     However, despite the agreement and representations by AWKO, it failed to provide Misny with the agreed upon 42.5% of attorney fees for HRT matters. Misny received only 35% of the attorney fees on the HRT matters, 7.5% less than agreed by the Parties.

29.     Anderson and AWKO worked in concert to breach the contract with Misny.

30.     As a result of Defendant's above described breaches of contract, Plaintiff has been caused to suffer significant damages including, without limitation, the loss of almost $1.3 million in earned fees, an amount Plaintiff would have been entitled but for Defendant's breach.

31.     Defendant breached their agreement with Plaintiff by failing and refusing to provide to Misny 42.5% of attorney fees from the HRT cases.

32.     As a result of Defendant's breaches of the contract, the sum of almost $1.3 million owed to Plaintiff, is now due, owing, and unpaid.

33.     Demand has been made on Defendant for repayment, but Defendant has failed and refused and continues to fail and refuses, to pay the legal fees earned and currently owed to Plaintiff.

## COUNT II
### (Conversion)

34.     Plaintiff incorporates by reference, all allegations set forth above, as if fully set forth herein.

35.     Defendant improperly interfered with Plaintiff's right to possess its own monies, and thus committed the act of conversion, when they withheld and/or absconded $1.3 million belonging to Plaintiff.

5

36.     Compounding the issue, Defendant continually refuses to take Plaintiff's telephone calls and/or emails concerning the missing funds.

## COUNT III
### (Quantum Meruit)

37.     Plaintiff incorporates by reference, all allegations set forth above, as if fully set forth herein.

38.     Plaintiff expended nearly $3 million on public awareness and advertising to assist victims of medical and pharmaceutical industry neglect and malfeasance to determine whether they had a viable tort claim for defective drugs/products.

39.     Defendant received a valuable benefit from Plaintiff, specifically, the referral of clients with viable mass tort claims, including HRT claims, which ultimately generated tens of millions of dollars in attorney fees for Defendant.

40.     Defendant's retention of that benefit, at least in the amount of 7.5% of attorney fees generated in the HRT cases, is unjust under the circumstances.

41.     Plaintiff is entitled to a remedy in quantum meruit of no less than approximately $1.3 million, but likely significantly more, for the value of the benefit conferred.

## COUNT IV
### (Fraud)

42.     Plaintiff incorporates by reference, all allegations set forth above, as if fully set forth herein.

43.     In or around 2009, Defendant represented that it would provide Plaintiff with 42.5% of the gross attorney fees from any recovery earned on matters where the parties were joint counsel.  These representations were false and Defendant knew the falsity of these

statements at the time they were made as Defendant never intended to provide Misny with 42.5% of attorney fees in the HRT cases.

44.     To date, in the HRT matters where the Parties undertook joint representation, Plaintiff has only received 35% of the gross attorney fees.

45.     Rather, Defendant always intended to provide the difference in attorney fees percentage, 7.5% of the gross attorney fees, to another law firm apparently to try certain of the HRT cases.

46.     Defendant did so without Misny's approval or knowledge.  Rather, prior to entering into any professional relationship with the Defendant, Defendant represented that its lawyers would try the mass tort cases as needed.  Defendant concealed its intention to have another law firm try the cases.

47.     As a result of this fraud, Defendant now owes Plaintiff, at minimum, approximately $1.3 million in legal fees earned on HRT matters jointly represented by the Parties.

48.     Plaintiff relied on the representations of Defendant and would not otherwise have entered into a joint representation fee agreement with Defendant and would not referred clients to Defendant and/or would have taken his clients to another law firm to handle the HRT cases. Plaintiff has been injured by loss of use of the fees earned and an inability to compete in the legal market without the use of said funds.

49.     These acts were malicious, fraudulent and oppressive, justifying an award of punitive damages so that Defendant will not engage in such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant, jointly and severally, as follows:

1. Compensatory damages in an amount to be determined at trial, but far in excess of $75,000 as to each claim for relief;

2. Costs and disbursement incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs;

3. Interest to the extent available under applicable laws; and

4. Such other and further damages, including punitive damages, and relief as the Court deems just and proper.

Respectfully submitted,

/s/ Joel Levin
Joel Levin              (0010671)
Aparesh Paul            (0077119)
Mark Mikhaiel           (0091656)
Levin & Associates Co., L.P.A.
1301 East 9th Street, Suite 1100
Cleveland, Ohio  44114
Tel:  (216) 928-0600
Fax: (216) 928-0016
jl@levinandsassociates.com
ap@levinandsassociates.com
mm@levinandsassociates.com

Attorneys for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury for all the issues so triable.

/s/ Joel Levin
Joel Levin              (0010671)
One of the Attorneys for Plaintiff

8