THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MISNY & ASSOCIATES CO., L.P.A., | CASE NO. 1:15-cv-00681-DCN |
| Plaintiff, | JUDGE DONALD C. NUGENT |
| v. | |
| AYLSTOCK, WITKIN, KREIS & OVERHOLTZ, PLLC, | **DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM** |
| Defendant. | |

For its Answer to Plaintiff's First Amended Complaint, Defendant, Aylstock, Witkin, Kreis, & Overholtz, PLLC ("AWKO"), states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. AWKO denies the allegations in Paragraph 1 of the First Amended Complaint for want of knowledge or information sufficient to form a belief as to their truth.

2. AWKO admits the allegations in Paragraph 2 of the First Amended Complaint.

3. AWKO admits the allegations in Paragraph 3 of the First Amended Complaint.

4. AWKO admits the allegations in Paragraph 4 of the First Amended Complaint.

5. AWKO admits the allegations in Paragraph 5 of the First Amended Complaint.

6. AWKO admits the allegations in Paragraph 6 of the First Amended Complaint.

7. In response to Paragraph 7 of the First Amended Complaint, AWKO admits that venue is proper in this District, admits that the parties have agreed to this venue, and denies the remaining allegations set forth therein.

**FACTUAL ALLEGATIONS**

8. In response to Paragraph 8 of the First Amended Complaint, AWKO incorporates by reference Paragraphs 1 through 7 above as if fully rewritten herein.

9. AWKO denies the allegations in Paragraph 9 of the First Amended Complaint for want of knowledge or information sufficient to form a belief as to their truth.

10. AWKO denies the allegations in Paragraph 10 of the First Amended Complaint for want of knowledge or information sufficient to form a belief as to their truth.

11. AWKO denies the allegations in Paragraph 11 of the First Amended Complaint for want of knowledge or information sufficient to form a belief as to their truth.

12. In response to Paragraph 12 of the First Amended Complaint, AWKO admits that AWKO and Plaintiff entered into a Mass Tort Referral Fee Agreement, which speaks for itself, and denies the remaining allegations set forth therein for want of knowledge or information sufficient to form a belief as to their truth.

13. In response to Paragraph 13 of the First Amended Complaint, AWKO admits that AWKO and Plaintiff entered into a Mass Tort Referral Fee Agreement, which speaks for itself, and denies the remaining allegations set forth therein.

14. In response to Paragraph 14 of the First Amended Complaint, AWKO admits that AWKO and Plaintiff entered into a Mass Tort Referral Fee Agreement, which speaks for itself, admits that AWKO is fully aware of its fiduciary, ethical, and legal duties to its clients and denies the remaining allegations set forth therein for want of knowledge or information sufficient to form a belief as to their truth.

15. In response to Paragraph 15 of the First Amended Complaint, AWKO admits that AWKO and Plaintiff entered into a Mass Tort Referral Fee Agreement, which speaks for itself, and denies the remaining allegations set forth therein for want of knowledge or information sufficient to form a belief as to their truth.

16. In response to Paragraph 16 of the First Amended Complaint, AWKO admits that Plaintiff referred potential mass tort clients to AWKO, and denies the remaining allegations set forth therein for want of knowledge or information sufficient to form a belief as to their truth.

17. AWKO denies the allegations in Paragraph 17 of the First Amended Complaint for want of knowledge or information sufficient to form a belief as to their truth.

18. AWKO denies the allegations in Paragraph 18 of the First Amended Complaint.

19. AWKO denies the allegations in Paragraph 19 of the First Amended Complaint.

20. In response to Paragraph 20 of the First Amended Complaint, AWKO admits that it provided Plaintiff with 35% of the attorney fees in connection with certain HRT cases, and denies the remaining allegations set forth therein.

21. AWKO denies the allegations in Paragraph 21 of the First Amended Complaint.

## COUNT I
### (Breach of Contract)

22. In response to Paragraph 22 of the First Amended Complaint, AWKO incorporates by reference Paragraphs 1 through 21 above as if fully rewritten herein.

23. In response to Paragraph 23 of the First Amended Complaint, AWKO admits that AWKO and Plaintiff entered into a Mass Tort Referral Fee Agreement, which speaks for itself, and denies the remaining allegations set forth therein.

24. In response to Paragraph 24 of the First Amended Complaint, AWKO admits that AWKO and Plaintiff entered into a Mass Tort Referral Fee Agreement, which speaks for itself, and denies the remaining allegations set forth therein.

25. AWKO denies the allegations in Paragraph 25 of the First Amended Complaint.

26. AWKO denies the allegations in Paragraph 26 of the First Amended Complaint.

27. AWKO denies the allegations in Paragraph 27 of the First Amended Complaint.

28. AWKO denies the allegations in Paragraph 28 of the First Amended Complaint.

29. AWKO denies the allegations in Paragraph 29 of the First Amended Complaint.

30. AWKO denies the allegations in Paragraph 30 of the First Amended Complaint.

31. AWKO denies the allegations in Paragraph 31 of the First Amended Complaint.

32. AWKO denies the allegations in Paragraph 32 of the First Amended Complaint.

33. AWKO denies the allegations in Paragraph 33 of the First Amended Complaint.

**COUNT II**
**(Conversion)**

34. In response to Paragraph 34 of the First Amended Complaint, AWKO incorporates by reference Paragraphs 1 through 33 above as if fully rewritten herein.

35. AWKO denies the allegations in Paragraph 35 of the First Amended Complaint.

36. AWKO denies the allegations in Paragraph 36 of the First Amended Complaint.

**COUNT III**
**(Quantum Meruit)**

37. In response to Paragraph 37 of the First Amended Complaint, AWKO incorporates by reference Paragraphs 1 through 36 above as if fully rewritten herein.

38. AWKO denies the allegations in Paragraph 38 of the First Amended Complaint for want of knowledge or information sufficient to form a belief as to their truth.

39. AWKO denies the allegations in Paragraph 39 of the First Amended Complaint.

40. AWKO denies the allegations in Paragraph 40 of the First Amended Complaint.

41. AWKO denies the allegations in Paragraph 41 of the First Amended Complaint.

**COUNT IV**
**(Fraud)**

42. In response to Paragraph 42 of the First Amended Complaint, AWKO incorporates by reference Paragraphs 1 through 41 above as if fully rewritten herein.

43. AWKO denies the allegations in Paragraph 43 of the First Amended Complaint.

44. In response to Paragraph 44 of the First Amended Complaint, AWKO admits that it provided Plaintiff with 35% of the attorney fees in connection with certain HRT cases, and denies the remaining allegations set forth therein.

45. AWKO denies the allegations in Paragraph 45 of the First Amended Complaint.

46. AWKO denies the allegations in Paragraph 46 of the First Amended Complaint.

47. AWKO denies the allegations in Paragraph 47 of the First Amended Complaint.

48. AWKO denies the allegations in Paragraph 48 of the First Amended Complaint.

49. AWKO denies the allegations in Paragraph 49 of the First Amended Complaint.

50. AWKO denies that Plaintiff is entitled to the relief requested in its Prayer for Relief.

## AFFIRMATIVE DEFENSES

1. Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches, and unclean hands.

3. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

4. Plaintiff's claims are barred for lack of consideration.

5. Plaintiff's claims are barred by the economic loss doctrine.

6. Plaintiff's claims are barred by the parol evidence rule.

7. Plaintiff's claims are barred by the statute of frauds.

8. Plaintiff's claims are barred as a result of Plaintiff's breach of the contract between the parties.

9. Plaintiff's claims are barred, in whole or in part, to the extent they conflict with the applicable Ohio Rules of Professional Conduct.

10. Plaintiff's claims are barred by accord and satisfaction.

11. AWKO reserves the right to amend and/or supplement these affirmative defenses and other defenses that become available through subsequent discovery.

WHEREFORE, AWKO requests that Plaintiff's First Amended Complaint be dismissed and that AWKO be awarded its costs herein and such other relief as the Court deems just and proper.

## COUNTERCLAIM

For its Counterclaim against Plaintiff, Misny & Associates Co., LPA ("Misny"), Defendant, Aylstock, Witkin, Kreis & Overholtz, PLLC ("AWKO"), state as follows:

### PARTIES, JURISDICTION, AND VENUE

1. AWKO is a Florida professional limited liability company with its principal place of business in Pensacola, Florida.

2. Upon information and belief, Misny is an Ohio legal professional association with its principal place of business in Lake County, Ohio.

3. This Court has diversity jurisdiction over AWKO's Counterclaim pursuant to 28 U.S.C. § 1332 because AWKO and Misny are citizens of different states and the amount in controversy exceeds $75,000.

4. This Court has supplemental jurisdiction over AWKO's Counterclaim pursuant to 28 U.S.C. § 1367.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because Misny is a resident of this district.

### FACTUAL BACKGROUND

6. In October 2008, AWKO and Misny executed a Mass Tort Referral Fee Agreement (the "Referral Fee Agreement").

7. Pursuant to the terms of the Referral Fee Agreement, Misny agreed to refer certain of its mass tort claimants, including all of its hormone replacement therapy ("HRT") mass tort claimants, to AWKO.

8. Pursuant to the terms of the Referral Fee Agreement, AWKO paid Misny 35% of the attorneys' fees earned in connection with HRT mass tort claimants referred to AWKO by Misny.

9. AWKO performed virtually all of the substantive legal work in connection with the HRT mass tort claimants which generated attorneys' fees under the terms of the Referral Fee Agreement.

10. Misny performed virtually no substantive legal work in connection with the HRT mass tort claimants which generated attorneys' fees under the terms of the Referral Fee Agreement.

11. Misny has disavowed the terms of the Referral Fee Agreement by claiming entitlement to referral fees not contemplated by the Referral Free Agreement

12. Misny has disavowed the terms of the Referral Fee Agreement by asserting extra-contractual claims against AWKO for referral fees.

13. Misny has disavowed the terms of the Referral Fee Agreement by claiming entitlement to referral fees in an amount not agreed to by AWKO.

14. Misny's received and claims entitlement to referral fees disproportionate to the services Misny performed for each and every client Misny referred to AWKO.

## COUNT ONE
### (Declaratory Judgment)

15. AWKO incorporates by reference Paragraphs 1 through 14 hereof as if fully rewritten herein.

16. An actual controversy exists between AWKO and Misny regarding the interpretation of the Referral Fee Agreement.

17. In particular, AWKO contends, and Misny disputes, that Misny is entitled to no more than 35% of the attorneys' fees earned in connection with HRT mass tort claimants absent the express written agreement of both parties.

18. Misny contends, and AWKO disputes, that Misny is entitled to 42.5% of the attorneys' fees earned in connection with HRT mass tort claimants despite the fact that AWKO never agreed to pay Misny more than 35% of such attorneys' fees.

19. AWKO's contentions are valid, correct, and consistent with the Referral Fee Agreement.

20. Misny's contentions are invalid, erroneous, and contrary to the Referral Fee Agreement.

21. An actual and justiciable controversy exists as to the parties' respective positions, which controversy directly affects AWKO's rights under the Referral Fee Agreement.

22. Declaratory relief from this Court will terminate this actual controversy and is necessary to preserve the rights of the parties.

23. AWKO is entitled to a judgment from this Court declaring that, pursuant to the Referral Fee Agreement, Misny is entitled to no more than 35% of the attorneys' fees earned in connection with the HRT mass tort claimants referred to AWKO by Misny.

### COUNT TWO
### (Quantum Meruit)

24. AWKO incorporates by reference Paragraphs 1 through 23 hereof as if fully rewritten herein.

25. AWKO expended substantial resources representing mass tort claimants referred to AWKO by Misny.

26. AWKO performed virtually all of the substantive legal work in connection with the mass tort claimants which were referred to AWKO by Misny.

27. Misny performed virtually no substantive legal work in connection with the mass tort claimants which were referred to AWKO by Misny.

28. Misny received a valuable benefit from AWKO, specifically, a significant portion of the attorneys' fees earned by AWKO which far exceed Misny's contribution towards the representation of the mass tort claimants referred to AWKO by Misny.

29. Misny received and claims entitlement to attorneys' fees disproportionate to the services Misny performed for each and every client Misny referred to AWKO.

30. Indeed, Misny alleges that it received attorneys' fees in an amount more than twice the amount Misny allegedly expended on "public awareness and advertising."

31. Misny's retention of such benefit is unjust under the circumstances.

32. In the event the Referral Fee Agreement is found to be invalid or otherwise unenforceable, AWKO is entitled to a remedy in quantum meruit through the disgorgement of attorneys' fees received but not earned by Misny in connection with each mass tort claimant referred to AWKO by Misny.

33. AWKO is entitled to such relief in an amount to be established at trial, but far in excess of $75,000.

WHEREFORE, AWKO demands that the Court grant the following relief:

1) On Count One, a judgment declaring that, pursuant to the Referral Fee Agreement, Misny is entitled to no more than 35% of the attorneys' fees earned in connection with the HRT mass tort claimants referred to AWKO by Misny;

2) On Count Two, in the alternative to Count One, the equitable remedy of the disgorgement of attorneys' fees received by but not earned by Misny in an amount to be established at trial, but far in excess of $75,000; and

3) Such other and further relief as this Court deems just and appropriate.

        Respectfully submitted,

        *s/Alexander B. Reich*
        COLLEEN M. O'NEIL (0066576)
        ALEXANDER B. REICH (0084869)
        KATHRYN G. ANDRACHIK (0093998)
        CALFEE, HALTER & GRISWOLD LLP
        The Calfee Building
        1405 East Sixth Street
        Cleveland, OH 44114-1607
        (216) 622-8200 (Phone)
        coneil@calfee.com
        areich@calfee.com
        kandrachik@calfee.com

        *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing, *Defendant's Answer to First Amended Complaint and Counterclaim*, has been filed electronically this 14th day of March 2016 with the United States District Court for the Northern District of Ohio. Notice of the filing will be sent by email to all counsel by operation of the Court's electronic filing system and all parties may access this filing through that system.

*s/ Alexander B. Reich*
One of the Attorneys for Defendants

{03601922.DOCX;3 }