IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MISNY & ASSOCIATES CO., L.P.A., | ) | CASE NO. 1:15 CV 681 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| AYLSTOCK, WITKIN, KREIS & | ) | |
| OVERHOLTZ, PLLC, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |

This matter is before the Court on the Motion to Strike Defendant's Counterclaims filed by Plaintiff, Misny & Associates Co., L.P.A. ("the Misny Firm"). (Docket #39.)

The Misny Firm asks the Court to strike the Counterclaims of Defendant, Aylstock, Witkin, Kreis & Overholtz, PLLC ("AWKO"), pursuant to Fed. R. Civ. P. 12(f), arguing that the Counterclaims were filed without justification and in bad faith and that allowing the Counterclaims to proceed would unduly delay the Court's schedule for the adjudication of the Misny Firm's claims. Further, the Misny Firm asserts that the Counterclaims were improperly filed, as AWKO failed to obtain leave of Court prior to filing, in violation of Fed. R. Civ. P. 13 and 15 and this Court's scheduling order. On April 14, 2016, AWKO filed its Memorandum in Opposition to Plaintiff's Motion to Strike Counterclaims or, In the Alternative, Motion for Leave

to File Counterclaim Instanter. (Docket #40.) On April 21, 2016, the Misny Firm filed its Reply Brief. (Docket #41.)

The Court has carefully considered the Misny Firm's Motion to Strike. Even if questions persist regarding whether the Misny Firm's First Amended Complaint changed the theory and scope of its claims against AWKO, the Court finds no basis upon which deny AWKO leave to file its Counterclaims in this case. Fed. R. Civ. P. 15(a)(2) provides that after a responsive pleading is filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." A district court should liberally grant leave to amend, but may appropriately deny leave "in instances of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Glazer v. Chase Home Fin., LLC*, 704 F.3d 453, 458 (6th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)).

The Misny Firm filed its First Amended Complaint on February 12, 2016 (Docket #26), nearly a year after originally filing suit, and AWKO's Counterclaims were timely filed on March 14, 2016 (Docket #37) as part of their Amended Answer. The Misny Firm has failed to establish undue delay, bad faith, or dilatory motive on the part of AWKO; the filing of the Counterclaims will not unduly prejudice the Misny Firm, as there is no indication that extensive additional discovery will be necessary; allowing AWKO's Counterclaims will not delay progress in this case; and, although the Misny Firm argues futility, a determination as to the merits of AWKO's proposed Counterclaims is premature.

-3-

Accordingly, the Motion to Strike filed by the Misny Firm (Docket #39) is hereby DENIED. AWKO is hereby granted leave to file its Counterclaims instanter.

A status conference remains scheduled for May 25, 2016, at which time dispositive motion deadlines and a trial date will be set.

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
United States District Judge

DATED: May 13, 2016