THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| MISNY & ASSOCIATES CO., L.P.A., | ) | CASE NO. 1:15-cv-00681-DCN |
| Plaintiff, | ) ) ) | JUDGE DONALD C. NUGENT |
| v. | ) ) | |
| AYLSTOCK, WITKIN, KREIS & OVERHOLTZ, PLLC, | ) ) ) ) | **DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND REQUEST FOR EXPEDITED CONSIDERATION** |
| Defendant. | ) ) | |

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, Defendant Aylstock, Witkin, Kreis & Overholtz, PLLC ("AWKO") respectfully moves this Court for an order dismissing this case for lack of subject matter jurisdiction.  As set forth in the attached Memorandum in Support, the fee dispute between the parties is subject to mandatory arbitration or mediation pursuant to Rule 1.5 of the Ohio Rules of Professional Conduct.  Accordingly, this Court lacks subject matter jurisdiction over this case, and dismissal of this case under Rule 12(b)(1) is warranted.  In addition, AWKO requests expedited consideration of this Motion, as trial is set for January 30, 2017.

**MEMORANDUM IN SUPPORT**

I.  **FACTUAL BACKGROUND**

In October 2008, Misny & Associates Co., LPA ("Misny") and AWKO executed a Mass Tort Referral Fee Agreement (the "Agreement"). Pursuant to the terms of the Agreement, Misny agreed to refer all of its mass tort claimants to AWKO. These claimants included individuals who alleged injury arising from the use of hormone replacement therapy ("HRT"), among other pharmaceuticals and/or medical devices. Misny's responsibility was limited to advertising for an initial intake of mass tort cases, while AWKO assumed primary litigation responsibility. Indeed, Misny played no role whatsoever in the litigation of the individual claims referred to AWKO.

The Agreement established "floors" on the amount of attorneys' fees Misny would receive based on how long a mass tort case was pending prior to settlement. Specifically, Misny would receive no less than 35% of the attorneys' fees generated from any mass tort case that settled more than two years after AWKO's acceptance of the case. Misny now alleges that, pursuant to the Agreement, AWKO is required to pay Misny 42.5% of the attorneys' fees generated from HRT cases as opposed to the 35% AWKO paid to Misny on HRT cases referred to AWKO throughout the entirety of the parties' contractual relationship. In total, AWKO paid to Misny approximately $6,251,429.87 in connection with HRT cases referred by Misny pursuant to the Agreement. Misny now seeks to recover an additional sum of nearly $1,300,000.

## II. LAW AND ARGUMENT

### A. Subject Matter Jurisdiction Cannot Be Waived.

The sole issue remaining in this case is the division of fees between AWKO and Misny pursuant to the Agreement. As set forth below, this issue falls squarely within the mandatory arbitration requirement of the Ohio Rules of Professional Conduct and, as a result, this case should be dismissed pursuant to Rule 12(b)(1).

"It is well settled that parties cannot consent to subject matter jurisdiction where it is lacking, nor can they waive it." *Northwest Ohio Props. v. Lucas Cty.*, No. 3:11-cv-1867, 2015 U.S. Dist. LEXIS 84882, at *5 (N.D. Ohio June 30, 2015) (citing *Alongi v. Ford Motor Co.*, 386 F.3d 716, 728 (6th Cir. 2004)). Therefore, "[t]he existence of subject matter jurisdiction may be raised at any time, by any party, or even *sua sponte* by the court itself." *Northwest Ohio Props.* at *5 (quoting *Ogle v. Church of God*, 153 F. App'x 371, 374 (6th Cir. 2005)). Indeed, the Civil Rules themselves expressly provide that the Court "***must***" dismiss an action if the Court determines at any time that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Accordingly, the posture of this case resulting from summary judgment disposition warrants dismissal of the sole remaining claim due to a lack of subject matter jurisdiction.

B.  **Rule 1.5 of the Ohio Rules of Professional Conduct Requires the Mediation or Arbitration of Fee Disputes Between Lawyers.**

Rule 1.5 of the Ohio Rules of Professional Conduct, provides in pertinent part:

> In cases of a dispute between lawyers arising under this rule, fees shall be divided in accordance with the mediation or arbitration provided by a local bar association. When a local bar association is not available or does not have procedures to resolve fee disputes between lawyers, the dispute shall be referred to the Ohio State Bar Association for mediation or arbitration.

In *Shimko v. Lobe*, the Ohio Supreme Court held that Rule 1.5 "explicitly requires division of fees 'in accordance with mediation or arbitration,' that 'the Disciplinary Rules, unlike the Ethical Considerations, are mandatory in character' (Preface to Code of Professional Responsibility), and that the salient purpose of the rule is to prevent litigation of disputes between lawyers over the division of fees." *Shimko v. Lobe*, 103 Ohio St.3d 59, 2004-Ohio-4202, 813 N.E.2d 669, ¶ 26. As a result, Rule 1.5 "cannot and was not intended to be interpreted otherwise." *Id.*; *see also Linnen Co., L.P.A. v. Roubic*, 9th Dist. Summit No. 26494, 2013-Ohio-1022, ¶ 17 (finding that "the purpose of Prof.Cond. R. 1.5(f) is to prevent litigation of fee disputes" and "there is no suggestion of any limitation concerning arbitration in *Shimko* itself"); *Bauer v. White*, 11th Dist. Trumbull No. 2011-T-0071, 2012-Ohio-1135, ¶¶ 23-24 (finding that the case, which included claims for unjust enrichment and promissory estoppel, was nothing more than a fee dispute governed by Prof.Cond. R. 1.5(f) and, therefore, mandatory arbitration was proper).

Here, as in *Shimko*, the parties dispute the substance of a written agreement providing for the division of fees between lawyers from difference firms. When the Court granted summary judgment on AWKO's counterclaims and Misny's claims for conversion, quantum meruit, and fraud, this case was reduced to a pure fee dispute. Therefore, pursuant to Rule 1.5 of the Ohio

Rules of Professional Conduct, litigation of the matter is improper, and the case should be subject to mandatory mediation or arbitration. Misny's characterization in its Motion for Immediate Hearing/Pretrial Conference (ECF Doc. No. 71) of AWKO's position as "last ditch" and "eleventh hour" is inappropriate and unfounded, as it was incumbent upon counsel to raise it. Indeed, Misny and its counsel have the same ethical obligations to adhere to the requirements of the Ohio Rules of Professional Conduct, and any argument to the contrary is disingenuous if not troubling.

> C. The Fee Dispute Between the Parties Falls Within the Scope of the Ohio Rules of Professional Conduct.

Rule 8.5(b)(2) of the Ohio Rules of Professional Conduct provides in pertinent part:

> In any exercise of the disciplinary authority of Ohio, the rules of professional conduct to be applied shall be as follows:
>
> * * *
>
> (2) for any other conduct, the rules of the jurisdiction in which the lawyer's conduct occurred . . . .

Here, the conduct at issue is the division of fees between lawyers of different firms, which were paid to and received by Misny in Ohio. Therefore, this fee dispute falls within the scope of the mandatory arbitration provision of Rule 1.5. The fact that AWKO is a Florida law firm does not preclude the application of the Ohio Rules of Professional Conduct. *See In re Swendiman,* 146 Ohio St.3d 444, 2016-Ohio-2813, 57 N.E.3d 1155, ¶ 1 (applying Ohio Rules of Professional Conduct to determine whether out-of-state lawyer engaged in the unauthorized practice of law in Ohio).

Misny has claimed that Rule 1.5's mandatory arbitration provision does not apply because AWKO is located in Florida. Not only is this argument inapposite to the authority cited above, it is nonsensical. Indeed, Plaintiff's position is essentially that an Ohio attorney can

effectuate an end-run around the Ohio Rules of Professional Conduct by co-counseling with an attorney not licensed in Ohio and, in such cases, avoid answering for any disciplinary infraction or any conduct governed by the Ohio Rules of Professional Conduct. This notion directly contradicts the language of Rule 8.5, which provides the Ohio Rules of Professional Conduct apply to an attorney's conduct that occurs in Ohio.

Further, Misny's principal and only attorney, Timothy Misny, is a member of the Ohio Bar. Any argument that the Ohio Rules of Professional Conduct do not apply in this case is not Misny's to make. Mr. Misny is an Ohio lawyer who raised a fee dispute in Ohio. Mr. Misny's agreement to refer cases to out-of-state attorneys does not give him license to ignore his obligations under the Ohio Rules of Professional Conduct.

## III. CONCLUSION

The present posture of this case results in a lack of subject matter jurisdiction in this Court pursuant to Rule 1.5 of the Ohio Code of Professional Conduct. Accordingly, AWKO respectfully requests this Court grant its Motion to Dismiss for Lack of Subject Matter Jurisdiction. Defendant also requests expedited consideration of this Motion, as trial is set for January 30, 2017.

        Respectfully submitted,

        *s/ Kathryn G. Andrachik*
        COLLEEN M. O'NEIL (0066576)
        ALEXANDER B. REICH (0084869)
        KATHRYN G. ANDRACHIK (0093998)
        CALFEE, HALTER & GRISWOLD LLP
        The Calfee Building
        1405 East Sixth Street
        Cleveland, OH 44114-1607
        (216) 622-8200 (Phone)
        coneil@calfee.com
        areich@calfee.com
        kandrachik@calfee.com

        *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing, *Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Request for Expedited Consideration*, has been filed electronically this 19th day of January 2017 with the United States District Court for the Northern District of Ohio. Notice of the filing will be sent by email to all counsel by operation of the Court's electronic filing system and all parties may access this filing through that system.

*s/ Kathryn G. Andrachik*
One of the Attorneys for Defendant
