THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MISNY & ASSOCIATES CO., L.P.A., | ) | CASE NO. 1:15-cv-00681-DCN |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| v. | ) | **DEFENDANT'S TRIAL BRIEF** |
| AYLSTOCK, WITKIN, KREIS & OVERHOLTZ, PLLC, | ) | |
| Defendant. | ) | |

Pursuant to this Court's Civil Jury Trial Order (ECF Doc. No. 63) and Rule 51 of the Federal Rules of Civil Procedure, Defendant, Aylstock, Witkin, Kreis & Overholtz, PLLC ("AWKO") respectfully submits this Trial Brief.

## I. STATEMENT OF THE FACTS

In October 2008, Misny & Associates Co., L.P.A. ("Misny") and AWKO executed a Mass Tort Referral Fee Agreement (the "Agreement"). Pursuant to the terms of the Agreement, Misny agreed to refer all of its mass tort claimants to AWKO. These claimants included individuals who alleged injury arising from the use of hormone replacement therapy ("HRT"), among other pharmaceuticals and/or medical devices. Misny's responsibility was limited to advertising for and initial intake of mass tort cases, while AWKO assumed primary litigation responsibility. Indeed, Misny played no role in the litigation of the individual claims referred to AWKO.

The Agreement established "floors" on the amount of attorneys' fees Misny would receive based on how long a mass tort case was pending prior to settlement. Specifically, Misny

would receive no less than 35% of the attorneys' fees generated from any mass tort case that settled more than two years after AWKO's acceptance of the case. Misny alleges that, pursuant to an oral agreement in or around August 2011, AWKO agreed to pay Misny 42.5% of the attorneys' fees generated from HRT cases. Throughout the entirety of the parties' contractual relationship, AWKO paid to Misny 35% of the attorneys' fees generated from all HRT cases referred to AWKO pursuant to the Agreement. In total, AWKO paid to Misny approximately $6,251,429.87 in connection with HRT cases referred by Misny pursuant to the Agreement. Misny now seeks to recover an additional sum of nearly $1,300,000.

## II. CONTROLLING LAW

### A. First Cause of Action: Breach of Contract

The Court's findings of fact and law on summary judgment leave Plaintiff's breach of contract claim for resolution at trial.  "[T]he elements for a breach of contract are that a plaintiff must demonstrate by a preponderance of the evidence that (1) a contract existed, (2) the plaintiff fulfilled his obligations, (3) the defendant failed to fulfill his obligations, and (4) damages resulted from this failure." *Zappola v. Rock Capital Sound Corp.*, 2014-Ohio-2261, ¶48, (Ohio Ct. App., Cuyahoga County May 29, 2014).

Misny purports that AWKO breached an alleged oral agreement made in August 2011 by which AWKO allegedly agreed to pay Misny 42.5% of the attorneys' fees generated by HRT cases.  The Agreement, however, expressly nullifies any such oral agreement:

> This [A]greement shall constitute the entire agreement between the parties.  ***No other agreement, whether oral or in writing shall supersede or modify this [A]greement without the express written agreement of both parties***.  Should any part of this [A]greement be found to be void or unenforceable by a court of law, the remaining provisions shall remain in full force and effect.

Agreement at ¶ 6 (emphasis added).  Here, given the testimony of Tim Misny, there is no dispute that the alleged subsequent oral agreement on which Misny relies for its breach of contract claim was never expressly agreed to in writing by the parties:

> Q: And did you ever send the AWKO firm a proposed modification to [the Agreement]?
> A: No, I did not.
> Q: Did you ever have one prepared?
> A: No, I did not.
> Q: Did you ever send [AWKO] an e-mail documenting the conversation you claim occurred in August -- on August -- what was it -- 18th, 15th?
> A: 18th, yes.  No, I did not.
> Q: What year was that?
> A: 2011.
>
> * * *
>
> Q: Did you record the conversation?
> A: I did not.
> Q: Did you take any notes of that conversation?
> A: No, I did not.

Misny Dep. 139:18-140:20.

Thus, the only provision of the Agreement that Misny claims AWKO breached is a subsequent oral agreement which is expressly prohibited by the terms of the Agreement and, therefore, an unenforceable nullity.  *See* Agreement at ¶ 6.  "Ohio law is very clear that a contract that expressly provides that it may not be amended, modified, or waived except in writing executed by the parties is not subject to oral modification." *3637 Green Rd. Co. v. Specialized Component Sales Co.*, 2016-Ohio-5324, ¶22 (Ohio Ct. App., Cuyahoga County Aug. 11, 2016), *citing Kelley v. Ferraro*, 188 Ohio App.3d 734, 2010-Ohio-2771, 936 N.E.2d 986, ¶39 (8th Dist.), *Freeman-McCown v. Cuyahoga Metro. Hous. Auth.*, 8th Dist. Cuyahoga Nos. 77182 and 77380, *Rosepark Props. v. Buess*, 167 Ohio App.3d 366, 2006-Ohio-3109, 855 N.E.2d 140, ¶38 (10th Dist.), *Chiaverini, Inc. v. Jacobs*, 6th Dist. No. L-06-1360, 2007-Ohio-2394, ¶24; *Fultz & Thatcher v. Burrows Group Corp.*, 12th Dist. No. CA2005-11-126, 2006-Ohio-7041, ¶ 17.  A

party can waive a written no-oral modification clause, but "[t]he waiver must be clear and unequivocal if it contradicts a written contract provision. *Id.* at ¶22, *citing Glenmoore Builders, Inc. v. Smith Family Trust*, 9th Dist. No. 24299, 2009-Ohio-3174, ¶41.

Here, the actions by AWKO do not "clearly" and "unequivocally" indicate that it waived the no-oral modification clause and agreed to pay Misny 42.5% on all mass tort claims, including HRT. Accordingly, Misny cannot identify any contractual breach, and AWKO is entitled to judgment as a matter law.

> **A.  Affirmative Defenses**
>
> **1.  Waiver:** Misny's claim is barred by the doctrine of waiver. "Waiver is a voluntary relinquishment of a known right and is generally applicable to all personal rights and privileges, whether contractual, statutory, or constitutional." *Glidden Co. v. Lumbermens Mut. Cas. Co.,* 112 Ohio St. 3d 470, 478, 2006-Ohio-6553, ¶49, 861 N.E.2d 109, 118 (Ohio 2006). Here, Misny waived its claim for breach of contract when it failed to object to payment of 35% of the fees on HRT cases until months after it received the payments. Therefore, AWKO is entitled to judgment as a matter of law.
>
> **2.  Lack of Consideration:** Misny's claim is barred for lack of consideration. "[O]ral agreements to modify a prior written agreement are binding if based upon new and separate legal consideration or, even if gratuitous, are so acted upon by the parties that a refusal to enforce the oral modifications would result in fraud to the promisee." 2016-Ohio-5324 at ¶27. Here, Misny did not give any new consideration for the alleged oral modification of the Agreement to be binding. Therefore, AWKO is entitled to judgment as a matter of law.

**3. Parol Evidence Rule:** Misny's claim is barred by the parol evidence rule. The parol evidence rule "comes into operation when there is a single and final memorial of the understanding of the parties. When that takes place, prior and contemporaneous negotiations, oral or written, are excluded; or, as it is sometimes said, the written memorial supersedes these prior or contemporaneous negotiations." *Galmish v. Cicchini*, 90 Ohio St. 3d 22, 27, 734 N.E.2d 782, 789, 2000-Ohio-7 (Ohio 2000). "The principal purpose of the parol evidence rule is to protect the integrity of written contracts." *Id., citing Ed Schory & Sons, Inc. v. Soc. Natl. Bank* (1996), 75 Ohio St. 3d 433, 440, 662 N.E.2d 1074, 1080. "By prohibiting evidence of parol agreements, the rule seeks to ensure the stability, predictability, and enforceability of finalized written instruments." *Id.* Misny is attempting to use an alleged oral agreement to supplement the written Agreement, which is in direct violation of the parol evidence rule. Nowhere in the written Agreement does it state that Misny is entitled to 42.5% on HRT litigation fees and, therefore, AWKO is entitled to judgment as a matter of law.

**4. Statute of Frauds:** Misny's claim is barred by the statute of frauds. The statute of frauds requires all agreements that cannot be performed within a year to be in writing. *Olympic Holding Co., L.L.C. v. ACE Ltd.*, 122 Ohio St. 3d 89, 95, 2009-Ohio-2057, ¶34, 909 N.E.2d 93, 99 (Ohio 2009). "Courts have long recognized that a signed contract constitutes a party's final expression of its agreement." *Id., citing Fillinger Constr. Inc. v. Coon* (Sept. 28, 1993), Green App. No. 93-CA-0002, *Breed, Elliott & Harrison v. Lima* (1920) 12 Ohio App. 485. "Thus, the statute of frauds is necessary because a 'signed writing provides

greater assurance that the parties and the public can reliably know when such a transaction occurs.'" *Id., citing Seale v. Citizens S. & L. Assn*. (C.A.6, 1986), 806 F.2d 99, 104.  In the instant case, the alleged oral agreement made subsequent to the written Agreement is not valid as it is subject to the statute of frauds and thus required to be in writing.  Therefore, AWKO is entitled to judgment as a matter of law.

  **5.**  **Accord and Satisfaction:** Misny's claim is barred by accord and satisfaction.  "Accord and satisfaction is a common-law doctrine where there is a contract between a creditor and debtor for settlement of a claim by some performance other than that which is due." *Lightbody v. Rust*, 2003-Ohio-3937, ¶11 (Ohio Ct. App., Cuyahoga County July 24, 2003), *citing A.F.C. Interiors v. DiCello* (1989), 46 Ohio St.3d 1, 2, 544 N.E.2d 869.  "The creditor accepts, therefore, an amount or payment different from that originally agreed upon on the contract." *Id.*  Here, by accepting 35% payments on HRT cases without objecting when it received the payments, Misny accepted an amount different than that allegedly agreed upon in the oral agreement and, therefore, an accord and satisfaction occurred.  AWKO is entitled to judgment as a matter of law.

### III. PROPOSED WITNESSES

The witnesses listed below may be called at trial by AWKO depending on the evidence presented by Plaintiff in its case in chief.  A brief description of the subject matter of the testimony of each potential defense witness is provided.

- Bryan Aylstock: An attorney with AWKO, this witness will testify as to AWKO's work done pursuant to the Agreement as well as Misny's contributions under the Agreement.

- April Cowgill: This witness is a paralegal with Littlepage Booth and will testify about AWKO's contributions to the mass tort litigation.

- Mark DiCello: This witness will testify as to his experience in referral fee arrangements with Tim Misny.

- Zoe Littlepage: This witness will testify as to her experience with the AWKO firm on HRT litigation and the significant amount of work AWKO completed for these cases.

- Daniel Thornburgh: An attorney with AWKO, this witness will testify as to AWKO's work done pursuant to the Agreement as well as Misny's contributions under the Agreement.

- Erik Walker: This witness is the lead counsel of the Plaintiff's Steering Committee, he chaired the Law & Briefing Committee for the plaintiffs, and he wrote and argued nearly all briefs on substantive issues to the MDL judge.  He also briefed and argued all MDL appeals to the U.S. Court of Appeals for the Eighth Circuit.  He will testify about AWKO's contributions to the mass tort litigation.

- Justin Witkin: An attorney with AWKO, this witness will testify as to AWKO's work done pursuant to the Agreement as well as Misny's contributions under the Agreement.

AWKO reserves the right to call additional witnesses to offer rebuttal and/or impeachment testimony and to call any witness listed or otherwise identified by Misny, whether by cross-examination or otherwise.  AWKO also reserves the right to amend its list of proposed witnesses to identify additional witnesses to the extent permitted by the Court.  Finally, AWKO reserves the right to call witnesses as may be necessary to authenticate or otherwise lay an evidentiary foundation for materials offered into evidence at trial.

## IV. PROPOSED EXHIBITS

Below is an index of exhibits that AWKO intends to use at trial.  AWKO reserves the right to introduce additional exhibits for rebuttal or impeachment purposes and to introduce any exhibit listed or otherwise identified or used by Misny.  AWKO also reserves the right to amend this Trial Exhibit List and to introduce additional exhibits to the extent permitted by the Court.

| EXHIBIT NUMBER | DATE | DESCRIPTION |
|---|---|---|
| 1 | 06/28/13 | Email from Amy Mendrala to Tim Misny regarding fees paid on Prempro cases |
| 2 | 07/15/14 | Email from Jan Brown to Tim Misny attaching the breakdown of fees |
| 3 | 07/15/14 | Email from Amy Mendrala to Justin Witkin regarding Trasylol fees |
| 4 | 05/18/11 | Email from Justin Witkin to Tim Misny explaining the process of obtaining a settlement on a Fleet Claimant case |
| 5 | 07/11/12 | Email from Amy Mendrala to Justin Witkin regarding additional fees owed on an Avandia claim |
| 6 | 11/05/13 | Email from Justin Witkin to Tim Misny attaching a spreadsheet reflecting Misny's portion of fees on HRT claims |
| 7 | 10/20/08 | Fee Sharing Agreement |
| 8 | 02/15/16 | Email from Don Carey to Rich Karolczak regarding commercials with National Cable Communications |
| 9 | 11/04/07 | Email exchange between Justin Witkin and Tim Misny regarding advertising and the protocol on mass tort cases |
| 10 | 02/05/16 | Email exchange between Rich Karolczak and Elizabeth French regarding advertising in Minneapolis |
| 11 | 02/15/16 | Email from Rich Karolczak to Janet Jessmon regarding Digitek advertising in Minneapolis |
| 12 | 08/28/08 | Email exchange between Tim Misny and Bryan Aylstock regarding letters sent to clients |
| 13 | 02/20/09 | Email exchange between Amy Mauric and Neil Overholtz regarding a Medtronic client |

| 14 | 06/29/09 | Email exchange between Sarah Rogers and Amy Mauric regarding a letter sent by the Misny office about Avandia clients |
|---|---|---|
| 15 | 12/06/10 | Email exchange between Justin Witkin and Tim Misny regarding requests for medical records |
| 16 | 01/28/11 | Email exchange between Tim Misny and Bryan Aylstock regarding an Avandia client |
| 17 | 06/08/11 | Email exchange between Tim Misny and Justin Witkin stating that Eric Manes wants to get Justin and Bryan into Tim's show |
| 18 | 07/24/11 | Email exchange between Bryan Aylstock and Tim Misny regarding allocations |
| 19 | 08/08/11 | Email exchange between Bryan Aylstock and Tim Misny regarding final allocations |
| 20 | 02/14/12 | Email exchange between Justin Witkin and Tim Misny regarding a disbursement of fees |
| 21 | 08/13/13 | Email from Justin Witkin to Tim Misny regarding an update on referred cases |
| 22 | 08/24/07 | Email from Ben Anderson to Bryan Aylstock and Tim Misny regarding a two prong approach to the referral arrangement |
| 23 | 08/24/07 | Email exchange between Ben Anderson and Bryan Aylstock regarding meeting with Tim Misny as a potential business partner |
| 24 | 03/17/16 | Plaintiff's Responses to Defendant's Second Set of Interrogatories and Requests for Production of Documents |
| 25 | 05/07/12 | Email exchange between Justin Witkin and Tim Misny in which Justin regarding an additional 7.5% on Leads cases |
| 26 | 12/14/11 | Email exchange between Justin Witkin and Tim Misny regarding an Avandia referral |
| 27 | 03/23/12 | Email exchange between Justin Witkin and Tim Misny regarding distribution on Medtronic Leads cases |
| 28 | 11/28/11 | Email exchange between Justin Witkin and Tim Misny |

|  |  | regarding remaining distributions and a fee proposal |
|--|--|--|

## V. EVIDENTIARY ISSUES LIKELY TO ARISE AT TRIAL

Misny's Motion *in Limine* (ECF No. 74) sets forth the primary disputed evidentiary issue. AWKO disputes Misny's position that evidence of or any reference to prior litigation to which Misny or its principal, Timothy Misny, was either a party or a witness is inadmissible.

## VI. PROPOSED VOIR DIRE QUESTIONS

Below is a list of AKWO's proposed voir dire questions. AWKO reserves the right to amend its proposed voir dire questions to the extent permitted by the Court.

1. Have you ever heard of Tim Misny?

2. Have you ever seen commercials with Tim Misny?

    a. If so, what is your opinion of those commercials?

2. Have you or any family member ever sued or been sued?

    b. If so, what type of lawsuit was it?

3. Have you or any family member ever been involved in a lawsuit concerning pharmaceuticals?

    c. If so, did you or your family member have a particularly negative or positive experience?

    d. Please explain your experience.

4. If you or a family member have been involved in any type of lawsuit, did you have a particularly negative or positive experience?

    e. If so, please explain.

5. Do you have negative feelings towards attorneys?

    f. If yes, please explain.

6. Do you believe it is appropriate for attorneys to advertise?

7. Have you ever been involved in a dispute over a contract?

   g. If so, did the dispute involve an argument that one of the terms of the contract changed?

## VII. PROPOSED JURY INSTRUCTIONS

Below is a list of AWKO's proposed jury instructions, which are attached to this Trial Brief as Exhibit A.  Pursuant to the Court's Civil Jury Trial Order, AWKO's counsel will confer with Misny's counsel in person with respect to proposed jury instructions, with a view of reaching an agreement on instructions to be requested.  Upon conferring on proposed jury instructions, the parties will submit a list identifying the agreed upon jury instructions as well as those which are disputed.

1. Introduction
2. Evidence
3. Evidence Does Not Include
4. Credibility
5. Burden of Proof
6. Preponderance of the Evidence
7. Contract Formation
8. Modification of Contract
9. Breach of Contract
10. Affirmative Defense: Payment
11. Closing Instructions: Unanimous Verdict
12. Closing Remarks

Respectfully submitted,

*/s/Kathryn G. Andrachik*
COLLEEN M. O'NEIL (0066576)
ALEXANDER B. REICH (0084869)
KATHRYN G. ANDRACHIK (0093998)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, OH 44114-1607
(216) 622-8200 (Phone)
coneil@calfee.com
areich@calfee.com
kandrachik@calfee.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing, *Defendant's Trial Brief*, has been filed electronically this 25th day of January 2017 with the United States District Court for the Northern District of Ohio. Notice of the filing will be sent by email to all counsel by operation of the Court's electronic filing system and all parties may access this filing through that system.

*s/ Kathryn G. Andrachik*
One of the Attorneys for Defendant
