IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MISNY & ASSOCIATES CO., L.P.A., | CASE NO.: 1:15 CV 681 |
| Plaintiff, | JUDGE DONALD C. NUGENT |
| v. | |
| AYLSTOCK, WITKIN, KREIS & OVERHOLTZ, PLLC, | MEMORANDUM OPINION AND ORDER |
| Defendants. | |

This matter is before the Court on Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF #72). Defendant filed this motion on January 19, 2017, asserting that after this Court granted summary judgment (on September 21, 2016) on all claims except Plaintiff's breach of contract claim regarding fees due Plaintiff under the Agreement between the parties, the case was reduced to a "pure fee dispute" subject to mandatory mediation or arbitration under Rule 1.5 of the Ohio Rules of Professional Conduct. As this action is scheduled for trial on January 30, 2017, Defendant requested expedited consideration. Plaintiff has submitted a Bench Brief regarding Defendant's Motion on Subject Matter Jurisdiction and counsel for all parties participated in a status conference with the Court on January 24, 2017.

Defendant Aylstock, Witkin, Kries & Overholtz, PLLC ("Aylstock") removed this action to this Court asserting that this Court has diversity jurisdiction over this matter under 28 U.S.C. § 1332. Defendant now repeats the settled principles that parties cannot consent to subject matter jurisdiction where it is lacking, nor can they waive it and the existence of subject matter jurisdiction may be raised by parties or the court at any time. See *Northwest Ohio Props. v. Lucas Cty*, No. 3:11 CV 1867, 2015 WL 3968751 at *2 (N.D. Ohio June 30, 2015); *Alongi v. Ford*

*Motor Co.*, 386 F.3d 716, 728 (6th Cir. 2004). While these principles are true, the basis of this Court's jurisdiction in this matter was never a federal question or federal claim that no longer exists. This action was removed based upon diversity jurisdiction and this Court still has federal diversity jurisdiction over this action.

Aylstock now asserts that this Court no longer has subject matter jurisdiction over this matter because the sole remaining issue in this case is a fee dispute between the parties that must be mediated pursuant to Rule 1.5 of the Ohio Rules of Professional Conduct. Rule 1.5 of the Ohio Rules of Professional Conduct provides:

> In cases of a dispute between lawyers arising under this rule, fees shall be divided in accordance with the mediation or arbitration provided by a local bar association. When a local bar association is not available or does not have procedures to resolve fee disputes between lawyers, the dispute shall be referred to the Ohio State Bar Association for mediation or arbitration.

Even if a state rule of professional conduct could divest a federal district court of subject matter jurisdiction[1], Rule 1.5 does not apply in this case. The Ohio Rules of Professional Conduct do not apply to attorneys who are not admitted to practice law in the Ohio. *Disciplinary Counsel v. Harris*, 138 Ohio St. 3d 1, 996 N.E.2d 921, 924 (Ohio 2013). While Mr. Misny, the principal of Misny & Associates is admitted to the Ohio bar, Defendant Aylstock is a Florida law firm and there is no evidence that any of its lawyers are admitted to the Ohio bar. Because the Alystock lawyers are not "member[s] of the Ohio bar and [have] not take an oath to be bound by

---

[1] A federal court's jurisdiction is not dependent upon state law: "'Jurisdiction is determined 'by the law of the court's creation and cannot be defeated by the extraterritorial operation of a state statute, even if it created the right of action.'" *Chevalier v. Estate of Barnhart*, 803 F.3d 789, 801 (6th Cir. 2015) *quoting Marshall v. Marshall*, 547 U.S. 293, 314 (2006) *quoting Tennessee Coal, Iron & R.R. Co. v. George*, 233 U.S. 354, 360 (1914).

the Ohio Rules of Professional Conduct, these rules do not apply to [them]." *Id.* at 923. As such, they would not be bound by any bar association mediation or arbitration.

In short, the Court finds that it retains federal jurisdiction over this action and that Ohio Rule of Professional Conduct 1.5 does not divest the Court of jurisdiction over the breach of contract claim remaining in this action. As such, Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF #72) is denied. Trial shall proceed on February 2, 2017 at 8:30 a.m.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

DATED: January 26, 2017