THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| MISNY & ASSOCIATES CO., L.P.A., | ) | CASE NO. 1:15-cv-00681-DCN |
| Plaintiff, | ) ) ) | JUDGE DONALD C. NUGENT |
| v. | ) ) | |
| AYLSTOCK, WITKIN, KREIS & OVERHOLTZ, PLLC, | ) ) ) ) | **DEFENDANT'S MOTION TO EXCUSE ATTENDANCE AND OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT** |
| Defendant. | ) ) | |

## I. INTRODUCTION

Plaintiff has filed a motion requesting that default judgment be entered against Defendant for failure to attend status conferences in the above-captioned matter.  This motion should be denied for two reasons: (1) it is not timely; and (2) the requested sanction is draconian in nature and does not fit the alleged conduct.

## II. DISCUSSION

### A. THE MOTION IS UNTIMELY

Plaintiff waited until five days before trial to file a motion for default simply to avoid trial.  Plaintiff had the opportunity to raise the issue of Defendant's attendance after the December 17, 2015 status conference, then again after the May 31, 2016 status conference, and finally again after the August 23, 2016 status conference, yet never did until its eleventh hour last-ditch effort.  Given the circumstances and Plaintiff's clear motive to avoid trial, Plaintiff's motion is untimely and should be denied as such.

### B. DEFAULT JUDGMENT IS NOT APPROPRIATE

Irrespective of whether attendance was required or necessary, default judgment is a severe sanction for absence from status conferences. In *Grange Mut. Cas. Co. v. Mack*, the Sixth Circuit reaffirmed that four factors determine whether a district court abuses its discretion in using its "strongest weapon": 1) whether the disobedient party acted in willful bad faith; 2) whether the opposing party suffered prejudice; 3) whether the court warned the disobedient party that failure to cooperate could result in default judgment; and 4) whether less drastic sanctions were imposed or considered. *Grange Mut. Cas. Co. v. Mack*, 270 Fed. Appx. 372, 376 (6th Cir. 2008). None of those factors is satisfied here.

Defendant was available by telephone during every status conference in the event settlement discussions took place, which they did not. Therefore, Plaintiff was not prejudiced by Defendant's lack of attendance. Further, Defendant was in attendance at the settlement conference held on December 20, 2016 (Doc. No. 70) and actively participated in settlement negotiations. Because no harm was caused to Plaintiff, default judgment would be too severe of a sanction, and Plaintiff's motion should be denied.

In response to Plaintiff's motion, counsel for Defendant requests that this Court retroactively excuse the attendance of their client at the four status conferences, three of which occurred from five to thirteen months ago.

### III. CONCLUSION

The above-captioned matter has been litigated for almost two years, and there is no legitimate basis to enter default judgment for the conduct about which Plaintiff complains. The case should be decided on the merits and it seems Plaintiff and its counsel want to avoid them.

Respectfully submitted,

 */s/ Kathryn G. Andrachik*
COLLEEN M. O'NEIL (0066576)
ALEXANDER B. REICH (0084869)
KATHRYN G. ANDRACHIK (0093998)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, OH 44114-1607
(216) 622-8200 (Phone)
coneil@calfee.com
areich@calfee.com
kandrachik@calfee.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing, *Defendant's Motion to Excuse Attendance and Opposition to Plaintiff's Motion for Default,* has been filed electronically this 27th day of January 2017 with the United States District Court for the Northern District of Ohio. Notice of the filing will be sent by email to all counsel by operation of the Court's electronic filing system and all parties may access this filing through that system.

                                           */s/ Kathryn G. Andrachik*
                                           One of the Attorneys for Defendant